**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*BDB/PL AGR*
*2026R00185*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*(973) 645-2700*

September 11, 2026

RECEIVED

OCT 19 2026

AT 8:30 ________ M
CLERK, U.S. DISTRICT COURT - DNJ

VIA E-MAIL
Aidan P. O'Connor, Esq.
Remi L. Spencer, Esq.
Pashman Stein Walder Hayden, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

26-1204 (RLS)

Re: Plea Agreement with Gaye Tyndale-Simpson

Dear Counsel:

This letter sets forth the plea agreement between your client Gaye Tyndale-Simpson ("TYNDALE-SIMPSON") and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **September 17, 2026**, if it is not accepted in writing by that date. If TYNDALE-SIMPSON does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from TYNDALE-SIMPSON to an Information, which charges TYNDALE-SIMPSON with voting by an alien in New Jersey's November 2024 election, in which there was a candidate for federal office, in violation of 18 U.S.C. § 611. If TYNDALE-SIMPSON enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against TYNDALE-SIMPSON for fraudulently registering to vote or voting as an alien in New Jersey in an election in which there was a candidate for federal office, or with making false statements in an application and use of a passport.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against TYNDALE-SIMPSON even if the applicable statute of limitations period for those charges expires after TYNDALE-SIMPSON signs this

agreement, and TYNDALE-SIMPSON agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 611, to which TYNDALE-SIMPSON agrees to plead guilty to in the Information, carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of (1) $100,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon TYNDALE-SIMPSON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence TYNDALE-SIMPSON ultimately will receive.

Further, in addition to imposing any other penalty on TYNDALE-SIMPSON, the sentencing judge as part of the sentence:

(1) will order TYNDALE-SIMPSON to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order TYNDALE-SIMPSON to pay restitution pursuant to 18 U.S.C. § 3663, et seq.;

(3) pursuant to 18 U.S.C. § 3583, may require TYNDALE-SIMPSON to serve a term of supervised release of up to 1 year, which will begin at the expiration of any term of imprisonment imposed. Should TYNDALE-SIMPSON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, TYNDALE-SIMPSON may be sentenced to not more than 1 year's imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on TYNDALE-SIMPSON by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TYNDALE-SIMPSON's activities and relevant conduct with respect to this case.

Stipulations

This Office and TYNDALE-SIMPSON will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and TYNDALE-SIMPSON waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

TYNDALE-SIMPSON understands that, if TYNDALE-SIMPSON is not a

citizen of the United States, TYNDALE-SIMPSON's guilty plea to the charged offenses will likely result in TYNDALE-SIMPSON being subject to immigration proceedings and removed from the United States by making TYNDALE-SIMPSON deportable, excludable, or inadmissible, or ending TYNDALE-SIMPSON's naturalization. TYNDALE-SIMPSON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. TYNDALE-SIMPSON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause TYNDALE-SIMPSON's removal from the United States. TYNDALE-SIMPSON understands that TYNDALE-SIMPSON is bound by this guilty plea regardless of any immigration consequences. Accordingly, TYNDALE-SIMPSON waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. TYNDALE-SIMPSON also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against TYNDALE-SIMPSON. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude TYNDALE-SIMPSON from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between TYNDALE-SIMPSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly Yours,

ROBERT FRAZER
United States Attorney

By: Benjamin D. Bleiberg
Assistant U.S. Attorney

APPROVED:

Ronnell L. Wilson

Ronnell L. Wilson
Chief, Special Prosecutions Division

**I have received this letter from my attorneys, Aidan P. O'Connor, Esq. and Remi L. Spencer, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.**

AGREED AND ACCEPTED:

Date: 9/16/2026

Gaye Tyndale-Simpson
Defendant

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: 9/16/26

Aidan P. O'Connor, Esq.
Remi L. Spencer, Esq.
Counsel for Defendant

Plea Agreement With Gaye Tyndale-Simpson ("TYNDALE-SIMPSON")

Schedule A

1. The Government and TYNDALE-SIMPSON recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2025, applies in this case.

3. The applicable guideline is U.S.S.G. § 2H2.1. This guideline carries a base offense level of 6 because TYNDALE-SIMPSON gave false information to establish eligibility to vote. U.S.S.G. § 2H2.1(a)(3).

4. As of the date of this letter, TYNDALE-SIMPSON has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if TYNDALE-SIMPSON's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. If TYNDALE-SIMPSON establishes at sentencing that she meets all of the criteria for zero-point offenders under U.S.S.G. § 4C1.1, she will be entitled to a further 2-level reduction to her offense level, resulting in a total Guidelines offense level of 2; otherwise the parties agree that TYNDALE-SIMPSON's total Guidelines offense level will be 4 (the "Total Offense Level").

6. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

7. If the term of imprisonment does not exceed 6 months, and except as specified in the next paragraph below, TYNDALE-SIMPSON will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If TYNDALE-SIMPSON is sentenced to at least a term of probation, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties

even if the sentencing judge employs a Guidelines analysis different from the one above.

8. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).